150 N.J. Super. 78 (1977)
374 A.2d 1237
HENRY J. DAALEMAN, INDIVIDUALLY AND AS A REPRESENTATIVE OF A CLASS OF ELIZABETHTOWN GAS COMPANY CONSUMERS, PLAINTIFF-APPELLANT,
v.
ELIZABETHTOWN GAS COMPANY AND THE NEW JERSEY BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANTS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1977.
Decided May 16, 1977.
*81 Before Judges FRITZ, ARD and PRESSLER.
Mr. Henry J. Daaleman argued the cause for the appellant (Messrs. O'Brien, Daaleman & Liotta, attorneys; Messrs. Henry J. Daaleman and Richard M. Mandel on the brief).
Mr. Russell Fleming Jr. argued the cause for the respondent Elizabethtown Gas Company (Mr. Russell Fleming Jr. and Mr. James Bayard Smith on the brief).
Mr. Bertram P. Goltz, Jr., Deputy Attorney General, argued the cause for respondent Board of Public Utility Commissioners (Mr. William F. Hyland, Attorney General of New Jersey; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by PRESSLER, J.A.D.
Plaintiff Henry J. Daaleman individually and as representative of the class of retail consumers *82 of Elizabethtown Gas Company, a public utility, brought this action in the Law Division against Elizabethtown pursuant to the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. The gravamen of the complaint was Elizabethtown's alleged fraudulent manipulation of the purchased gas adjustment clause resulting in improperly inflated charges to its customers. The trial judge dismissed the complaint without reaching its merits, for the reasons set forth in his opinion reported at 142 N.J. Super. 531. Essentially, it was his conclusion that the defendant Board of Public Utilities Commissioners (PUC) has exclusive jurisdiction over the activities of public utilities, and particularly their rate structures, and hence that the Consumer Fraud Act does not apply to that category of consumer transactions. Plaintiff was accordingly left to the pursuit of an administrative remedy.
We concur completely with the trial judge's well-reasoned conclusion that the breadth of the PUC's statutorily accorded regulatory control over public utilities virtually mandates adjudication of the merits of the complaint here by that agency rather than by the court. We do not, however, agree that that result necessarily requires the corollary conclusion that the Consumer Fraud Act is ipso facto inapplicable to public utilities. Our disagreement is based on the fact that there is nothing in either the express provisions of the act or in its underlying salutary policy which evidences a legislative intention that utilities be summarily excluded from its remedial purpose and concept. To the contrary, the definitional section of the act appears to be inclusive of such enterprises. Thus, N.J.S.A. 56:8-1(c) defines merchandise as any "objects, wares, goods, commodities or services," and N.J.S.A. 56:8-1(d) defines persons subject to the act as, among others, any business entity without exception. We can perceive no discernible basis for construing the act as not having been intended to apply either to this or any other regulated industry, profession or other business. Indeed, in this age *83 of proliferating regulatory agencies such a reading of the act would be to leave little commercial activity susceptible to its remedial ambit.
Our conclusion that the Consumer Fraud Act confers jurisdiction upon the court to entertain the complaint here does not, however, mean that it either must do so or should do so. To the contrary, we are persuaded by the considerations outlined by the trial judge that he quite properly referred adjudication of its merits to the PUC. Our disagreement is only with respect to the basis upon which he did so. By holding that the Consumer Fraud Act does not apply to public utilities, his dismissal of the complaint rested upon the doctrine of exhaustion of administrative remedy. That doctrine is applicable where the claim is cognizable in the first instance by an administrative agency and the court's role is essentially one of reviewing the agency's action only after the administrative process has run its course. We are satisfied, however, because of what we perceive to be concurrent jurisdiction, that deference to the agency must be based upon the primary jurisdiction doctrine, namely, the doctrine that "where a claim is originally cognizable in the courts, and * * * enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body * * * the judicial process is suspended pending referral of such issues to the administrative body for its views." United States v. Western P.R. Co., 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). See also, In re Hoboken Teachers' Ass'n, 147 N.J. Super. 240, 246-248 (App. Div. 1977). And see generally, 3 Davis, Administrative Law, §§ 19.01, 19.08, at 1-6, 47-52 (1958).
The distinction is not merely semantical. Under the exhaustion doctrine the agency's jurisdiction to grant the final remedy is complete and the court's function is one of review only  it undertakes no original trial jurisdiction. Thus, where that is the applicable doctrine, dismissal of the action by the court is appropriate. Where the doctrine of *84 primary jurisdiction mandates the agency referral, the court does not decline original jurisdiction over the entire controversy but only over those components thereof which are within the agency's special competence, expertise and statutory jurisdiction. Dismissal of the action by the court is, therefore, only appropriate if all of the issues are "agency" issues. If they are not, the court should simply withhold its further action until the agency has made those designated determinations which are the predicates for judicial disposition of the controversy as initially raised before it. Davis, supra at 3.
Applying these principles here we are satisfied that the determination of the merits of the fraud allegations as well as the granting of much of the specific relief demanded must be deferred to the PUC in first instance.[1] Pending PUC disposition, the action should be stayed, not dismissed. The PUC's decision on these issues will be dispositive, subject only to review pursuant to R. 2:2-3(a)(2). The only issue raised by the instant complaint not initially adjudicable by the PUC, because not within the scope of its statutory remedial powers, is plaintiff's right to treble damages and to counsel fees pursuant to N.J.S.A. 56:8-19. If the PUC should ultimately conclude that Elizabethtown has not engaged in any practice interdicted by the Consumer Fraud Act, that determination, subject only to review under R. 2:2-3(a)(2), would be conclusive of the Law Division action, which should only then be dismissed. If, however, the PUC should reach the contrary conclusion, the court, based thereon, should then address itself to those remedies.
While we anticipate no serious problem in respect of an award of counsel fees, and recognize further that provision for such an award is a significant impetus to the prosecution of public interest litigation, we do appreciate that an award of treble damages might well be counterproductive *85 to the interests of the very consumer class seeking vindication in this action. As the trial judge suggested, and as Elizabethtown here urged, such an award would simply be passed on to the consumers by increased rates charged to them. We are not persuaded that that result must necessarily follow and that the award could not be so molded so as to avoid it. In any event, the treble damage award is not mandated by the Consumer Fraud Act but only authorized by it, and we are confident that if the action is returned to the court, the parties will present such proofs as to the consequences of such an award as to permit the court to rationally exercise its discretion in this regard.
Accordingly, the judgment below must be modified. We remand to the trial court for entry of an order consistent with this opinion.
NOTES
[1] We were advised at oral argument that the PUC is presently proceeding in respect of the claims made by plaintiff and that he is participating therein.