187 N.J. Super. 465 (1982)
455 A.2d 508
MARTIN H. SKEER AND SUSAN SKEER, PLAINTIFFS-RESPONDENTS, JAMES R. ZAZZALI, ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR-APPELLANT,
v.
EMK MOTORS, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1982.
Decided December 8, 1982.
*466 Before Judges ARD, KING and McELROY.
Claude E. Salomon, Deputy Attorney General, argued the cause for intervenor-appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Andrea Silkowitz, Deputy Attorney General, of counsel).
Burton Zitomer argued the cause for respondents (Sevack, Posnock & Zitomer, attorneys).
Harry Dreier argued the cause for respondent EMK Motors, Inc. (Dreier & Dreier, attorneys).
The opinion of the court was delivered by KING, J.A.D.
This case presents the question whether § 7 of the Consumer Fraud Act, N.J.S.A. 56:8-19 (L. 1971, c. 247, § 7) mandates imposition of treble damages, attorney's fees and costs.[1]
*467 After a bench trial the Law Division Judge held that defendant, a garage owner, was liable under the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and awarded compensatory damages of $1,091.21. The judge refused to award treble damages but forwarded a copy of the complaint to the Attorney General "to permit him to intervene or move for further relief." The Attorney General intervened, argued that the Consumer Fraud Act mandated the imposition of treble damages, failed to convince the Law Division judge, and now appeals. We agree with the Attorney General's position and reverse.
The Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., was aimed at preventing the use of "any deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact" with the purpose of inducing another to rely in connection with the sale or advertisement of any merchandise. N.J.S.A. 56:8-2. The Attorney General has promulgated regulations to enforce that aim. N.J.S.A. 56:8-4.
The trial judge found that defendant had committed deceptive practices in violation of the automobile repair regulations promulgated pursuant to the act. Specifically, a dealer may not begin work for compensation without securing a "specific written authorization from the customer" stating the nature of the repair and providing the customer with a written estimate. N.J.A.C. 13:45A-7.2. The judge found that defendant violated this regulation. Defendant does not dispute that finding on this appeal.
N.J.S.A. 56:8-19 provides:
Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit. [Emphasis suupplied]
*468 Relying upon Daaleman v. Elizabethtown Gas Co., 150 N.J. Super. 78 (App.Div. 1977), rev'd on other grounds 77 N.J. 267 (1978), the judge held that this section did not mandate an award of treble damages. He also refused to award attorneys' fees and costs.
In Daaleman retail customers brought an action against a gas company pursuant to the Consumer Fraud Act. This court found that the trial court had jurisdiction to entertain the complaint but should have stayed the action so that the Board of Public Utilities Commissioners could exercise primary jurisdiction and adjudicate on the merits. We said that if the Board decided that the gas company had violated the act, the trial judge should then decide the issue of the customers' right to damages. Id. at 83-84.
Writing for this court, Judge Pressler there said, in dictum:
While we anticipate no serious problem in respect of an award of counsel fees, and recognize further that provision of such an award is a significant impetus to the prosecution of public interest litigation, we do appreciate that an award of treble damages might well be counterproductive to the interests of the very consumer class seeking vindication in this action. As the trial judge suggested, and as Elizabethtown here urged, such an award would simply be passed on to the consumers by increased rates charged to them. We are not persuaded that that result must necessarily follow and that the award could not be so molded so as to avoid it. In any event, the treble damage award is not mandated by the Consumer Fraud Act but only authorized by it, and we are confident that if the action is returned to the court, the parties will present such proofs as to the consequences of such an award as to permit the court to rationally exercise its discretion in this regard. [150 N.J. Super. at 84-85]
On appeal, the Supreme Court reversed on the ground that the defendant gas company was not subject to the provisions of the Consumer Fraud Act at all, holding that the regulatory agency, the Board, had exclusive jurisdiction over the subject matter, deemed to be a tariff mechanism.
Referring to our court's statement on treble damages, the Supreme Court said:
The Appellate Division recognized that an award of treble damages against a utility might well be counterproductive to the interests of the very class on whose behalf the suit was allegedly brought. It sought to avoid such result by holding that an award of treble damages was not mandated by the Consumer *469 Fraud Act but only authorized by it. We find it unnecessary to approve or disapprove of this holding in view of our disposition of the case. [77 N.J. at 273]
In his concurring opinion Justice Pashman said:
Finally, I find that N.J.S.A. 56:8-9 not only sanctions but requires the award of treble damages to a successful plaintiff in an action under the Consumer Fraud Act. The statutory language involved, like that used in the analogous provision of the New Jersey Antitrust Act ... clearly speaks in the imperative. I believe that the deterrent and punitive purposes of the Act would be substantially undermined by any judicial impairment of its primary weapon against those who engage in consumer fraud. [Id. at 275.]
The Supreme Court's conclusion that the act did not apply to the utility in Daaleman eliminated the need perceived at that time by this court to protect plaintiffs-consumers from the consequences of applying the treble damage clause of the act. No published cases since Daaleman have treated this issue squarely. But see Neveroski v. Blair, 141 N.J. Super. 365, 376 (App.Div. 1976).
Facially, the statute mandates treble damages. It says that the court "shall" award threefold damages, reasonable attorneys' fees, filing fees and reasonable costs of suit. N.J.S.A. 56:8-19. "Shall" usually is construed as mandatory, but not always. In Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162 (1954), the Supreme Court articulated a well-established rule
In determining whether an act is imperative and mandatory or merely directory there is a presumption that the word "shall" (such word appears in this statute) is used in an imperative and not a directory sense, and while this presumption is not a conclusive one it can only be overthrown by something in the character of the legislation or in the context which will justify a different meaning. [at 166]
In Harvey v. Essex Cty. Freeholder Bd., 30 N.J. 381 (1959), the court said:
... The word "may" is ordinarily permissive or directory, and the words "must" and "shall" are generally mandatory. Such terms, however, have been held to be interchangeable whenever necessary to execute the clear intent of the Legislature. The problem is primarily one of ascertaining the intent of the Legislature [citation omitted.] Such intent may be implied from the language used or referred on grounds of policy and reasonableness. [at 392.]
The treble damage provision is part of an act designed to prevent unconscionable commercial practices in connection with the sale or advertisement of any merchandise or real *470 estate. Violation of the act can be shown even though a consumer has not in fact been misled or deceived. N.J.S.A. 56:8-2. It is not necessary to show actual deceit or a fraudulent act; any unconscionable commercial practice is prohibited. State v. Hudson Furniture Co., 165 N.J. Super. 516, 520 (App.Div. 1979). A merchant's subjective good faith does not excuse technical noncompliance with regulations promulgated under the Consumer Fraud Act. Id. at 519. The act is broadly designed to protect the public, even when a merchant acts in good faith. We must read its remedial provisions with that purpose in mind.
The act contains two basic forms of remedy. The first requires the intervention of the Attorney General. The second provides a private cause of action.
The Attorney General may hold hearings upon any alleged violation and assess a penalty payable into the general treasury. N.J.S.A. 56:8-3.1. A penalty up to $2,000 may be imposed for the first offense and up to $5,000 for subsequent offenses. N.J.S.A. 56:8-13. In addition to assessing civil penalties, the Attorney General may direct that any money acquired by unlawful practices be restored. N.J.S.A. 56:8-15. He may also bring an action for an injunction. N.J.S.A. 56:8-8.
Thus, if a private party is injured by an unlawful practice, the Attorney General may take an interest in the case and direct that that person's money or property be restored. However, the Attorney General might not wish to pursue the case or the private party might not wish to ask the Attorney General to intervene. In that case, the private parties may proceed under N.J.S.A. 56:8-19, which gives them the right to bring a private action in any court of competent jurisdiction and which states that a successful claimant "shall" recover threefold damages plus fees and costs.
When the two remedies are considered together, it makes sense to conclude that treble damages and attorneys' fees are mandated in the private action. If the Attorney General investigates *471 and directs that the citizen be repaid, the citizen need not pay counsel fees and costs, having had access to the resources of the Attorney General's office. However, if citizens bring private actions, they will have to pay attorneys' fees and incur potentially considerable expense for a small recovery. Moreover, unless the private case is a class action, the impact of any award may be considerably less than if the Attorney General's office were involved. Even when the Attorney General acts on behalf of a single person, the possible publicity and the community's knowledge that the Attorney General is suing a particular defendant is more likely to deter further unlawful practices by that defendant. We therefore conclude that the Legislature wanted the defendant in a private action to suffer a greater financial penalty and to assure that the financial cost to the private plaintiff was minimized and compensation maximized. The extant legislative history, as well as the plain meaning of the Act, supports this conclusion.
Unfortunately, the legislative history is meager. There are no hearings or committee reports available. The only items in the State Library's legislative history are two press releases. Both come from the Office of then Governor Cahill. When he signed the bill into law on June 29, 1971 Governor Cahill said that the act was designed to "provide increased protection for consumers." The Governor's message stated:
Governor William T. Cahill signed into law a bill giving New Jersey one of the strongest consumer protection laws in the nation, and another which limits to $50 the liability of an individual for unauthorized use of his credit cards.
Under Assembly Bill 2402, sponsored by Assemblyman Thomas Kean, (R. Essex), the definition of consumer fraud is broadened, enforcement procedures are streamlined and penalties for violations are increased. The bill is part of the Administration's program to provide increased protection for consumers.
In signing the measure, Cahill expressed his appreciation to the members of the Legislature for their foresight and cooperation in passing the legislation. He added that this bill coupled with recent legislation which created a new Division of Consumer Affairs "gives New Jersey the enforcement power it needs to protect the consumer."
Maximum penalties for a first offense are increased from $100 to $2,000 and from $250 to $5,000 for subsequent offenses. In addition the Attorney General is given the administrative authority to seek restitution of money or property to a defrauded consumer.

*472 The bill amends the Consumer Fraud Act to include "unconscionable consumer practices" as part of a definition of unlawful practices to cover exorbitant prices, unfair bargaining advantages and incomplete disclosures.
The Attorney General is empowered to enjoin the ownership or management of businesses used for unlawful practices and after a hearing to order that money acquired by unlawful means be restored to the consumer. The bill also provides that the Attorney General have hearing orders which are ignored, filed with the court as a judgment thus avoiding the need for further hearing or trial.
In addition, the bill provides a private right of action for consumers against those who violate the Consumer Fraud Act. Under this provision the consumer will be entitled to triple damages, reasonable attorney's fee, and reasonable costs of suit.

The Governor stated that this provision, in his opinion, will provide easier access to the courts for the consumer, will increase the attractiveness of consumer actions to attorneys and will also help reduce the burdens on the Division of Consumer Affairs. [Emphasis supplied]
A Governor's press release is not perhaps the most authoritative legislative history, but it at least indicates that the Governor saw this amendment, which was part of his administration's program, as providing an incentive for an attorney to take a case and as encouraging private parties to bring their own actions instead of turning to the Attorney General. If that is true, it is highly likely that the Legislature intended to mandate payment of attorneys' fees and treble damages. Communications from the Executive Branch may be reliable aids to legislative interpretation. See Health Dep't v. Sol Schnoll Dressed Poultry Co., 102 N.J. Super. 172, 176-177 (App.Div. 1968) (veto message); 2A Sutherland, Statutory Construction, § 48.05 at 201 (1972).
A second press release from the Governor's office, about two months earlier than the one quoted above, reads in pertinent part:
Another amendment [to the Consumer Fraud Act] provides a private cause of action for injured persons and requires the court to award triple damages, reasonable attorneys' fees and reasonable costs of the suit. [Emphasis supplied]
The Attorney General's appendix includes a copy of a letter written in 1971 by Attorney General Kugler to Senators in support of the proposed amendment. The letter states that the Center for Analysis of Public Issues and the Office of the Attorney General had studied the Office of Consumer Protection *473 and had concluded that it would be advisable to establish a new Division of Consumer Affairs. Attorney General Kugler stated to the Senators at that time, in pertinent part:
... perhaps one of the most substantial and necessary remedies provided by this legislation grants the consumer a private right of action against persons violating the Consumer Fraud Act. In addition the provision mandates treble damages, reasonable attorneys' fees and reasonable costs of suit in such an action. We found through our study that consumers are often without adequate remedy for redressing violations such as those contained in the Consumer Fraud Act. In addition, we found that consumers most often cannot afford the cost of pursuing what remedies they do have available and that attorneys are not generally attracted to individual consumer suits which involve a great amount of work and very little monetary award. Consequently, we included the above private right of action in order to provide a vehicle for private consumer redress, to make that vehicle economically feasible to the private consumer and to make it economically and professionally attractive to the attorneys of this State. [Emphasis supplied]
If this was the aim of the legislation, it would not be accomplished as readily by discretionary rather than mandatory, imposition of fees, costs and treble damages. Thus, interpreting the word "shall" here to mean "shall" in the usual understanding is more consonant with the purpose of the legislation. Nothing in the relevant pre-enactment legislative history supports the opposite conclusion. Judicial consideration of such history of a statute is appropriate. Key Agency v. Continental Cas. Co., 31 N.J. 98, 103 (1959); 2A Sutherland, op. cit., § 48.03 at 191.
In his concurring opinion in Daaleman, supra, Justice Pashman referred to the analogous provisions of the New Jersey Antitrust Act, N.J.S.A. 56:9-12; he noted that both it and the Consumer Fraud Act spoke in the imperative. As the Attorney General also points out, analogous federal legislation has been interpreted to be mandatory. E.g., Kline v. Coldwell, Banker & Co., 508 F.2d 226, 235 (9 Cir.1974), cert. den. 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975). In conclusion, we add that, to the extent inconsistent with our ruling today, the recently reported case of Swiss v. Williams, 184 N.J. Super. 243 (Cty.D.Ct. 1982), is overruled.
*474 Reversed and remanded for entry of judgment of treble damages and assessment of counsel fees and costs as provided by the Consumer Fraud Act. Jurisdiction is not retained.
NOTES
[1] Another panel of this court has almost simultaneously decided this issue consistent with our opinion. Ramanadham v. N.J. Manufacturers Ins. Co., 188 N.J. Super. 30 (App.Div. 1982).