188 N.J. Super. 30 (1982)
455 A.2d 1134
N.K. RAO RAMANADHAM AND ARUNA RAMANADHAM, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY MANUFACTURERS INS. CO.,[1] ALFRED APPELLO, INDIVIDUALLY AND T/A MAIN AUTO BODY AND MAIN AUTO BODY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1982.
Decided December 15, 1982.
*31 Before Judges MATTHEWS, ANTELL and FRANCIS.
Donald T. Okner argued the cause for appellants (Dwyer, Connell & Lisbona, attorneys).
Marvin A. Stern, for respondents Alfred Appello and Main Auto Body, submitted a brief on their behalf.
The opinion of the court was delivered by FRANCIS, J.A.D.
This is an appeal by plaintiffs challenging the trial court's refusal to award treble damages, pursuant to the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., after a jury verdict in their favor. Plaintiffs also appeal the inadequacy of the counsel fee assessed against defendant.
Plaintiffs' automobile was extensively damaged in a one car accident. The vehicle was towed to the garage of defendant Main Auto Body, which ultimately contracted to repair the vehicle. There was a delay in adjusting the loss with the insurance carrier, as well as a dispute over whether the car had been "totaled." The car was eventually repaired by defendant Alfred Appello, t/a Main Auto Body (Main). Plaintiffs were not satisfied with the repairs, alleging, among other things, that used parts rather than new parts had been used to effect the repairs, that certain representations made by Main were false and that the repairs were unduly delayed. Plaintiffs filed a complaint against both the insurance carrier and Main which, after several amendments, sought compensatory damages *32 against both defendants, as well as relief under the Consumer Fraud Act. N.J.S.A. 56:8-1 et seq. The matter was tried to a jury which returned a general verdict in the amount of $1,600 in favor of plaintiffs. A special interrogatory was addressed to the jury in which they were asked if there had been a violation of the Consumer Fraud Act. The jury answered the question in the affirmative. The judge, however, ruled that § 19 of that act did not mandate a trebling of the verdict. He determined that the treble damages feature of the act was discretionary with the judge as to its application. The judge cited Daaleman v. Elizabethtown Gas Co, 150 N.J. Super. 78 (App.Div. 1977), rev'd on other grounds, 77 N.J. 267 (1978). He entered judgment in the amount of the jury verdict of $1,600 and allowed a counsel fee of $1,000 to the plaintiffs' counsel.
We disagree with the trial judge's determination that treble damages under the Consumer Fraud Act is discretionary. Daaleman, above, does present support for the judge's conclusion. Daaleman, on its facts, concerns a public utility and the court in that case was concerned about assessing treble damages against a utility since the public would ultimately be paying for it. The jurisdiction in that matter was ultimately determined to be in the Public Utilities Commission and that case furnishes little support to the defendants. Daaleman was appealed to the Supreme Court, which found it unnecessary to pass on the precise question we are concerned with here. Justice Pashman, in a separate concurring opinion, did indicate his disagreement with the Appellate Division on the question of whether treble damages are mandated under the act. He stated:
I find that N.J.S.A. 56:8-19 not only sanctions but requires the award of treble damages to a successful plaintiff in an action under the Consumer Fraud Act. The statutory language involved, like that used in the analogous provision of the New Jersey Antitrust Act, L. 1970, c. 73, N.J.S.A. 56:9-12, clearly speaks in the imperative. I believe that the deterrent and punitive purposes of the Act would be substantially undermined by any judicial impairment of its primary weapon against those who engage in consumer fraud. [77 N.J. at 275]
The language of Justice Pashman is, of course, pure dictum. However, we agree with and adopt the reasoning *33 stated therein. This court in Neveroski v. Blair, 141 N.J. Super. 365, 376 (App.Div. 1976), also indicated the mandatory nature of the statutory provision. We hold that the section in question is cast in language which indicates an imperative provision and requires that damages once found be trebled.
Defendant argues that the jury was presented with a diversity of damage claims during the course of the trial and that the general verdict returned by the jury failed to specify as to which of the claims, if any, related to a specific violation of the Consumer Fraud Act. N.J.S.A. 56:8-19 provides:
Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of use or employment by another person of any method, act, or practice declared unlawful ... may bring an action....
The act requires, therefore, that a causal relationship be established between any ascertainable loss and the unlawful practice condemned. Here, plaintiffs' claims include damages for deprivation of use and the cost of substituted transportation, a fender allegedly a shade off in color, delay in completion of the repairs (partially explained by a strike), in addition to claims which might well have been ascertainable and attributable to violations of the act. The jury returned a verdict and a statement that the Consumer Fraud Act had been violated. The allocation of damages proximately resulting in each instance from those violations was nowhere stated. In our appellate review, while we have directed that any appropriate loss be trebled, we are at a complete loss as to which, if any, of plaintiffs' claims should be trebled. We therefore find it necessary to remand the matter for a new trial for the purpose of establishing the extent of any ascertainable loss, particularly proximate to a misrepresentation or other unlawful act of the defendant condemned by the Consumer Fraud Act.
Plaintiff also complains of the inadequacy of the counsel fee awarded. Counsel fee, of course, will abide the event of the retrial. However, had the remand not been necessary we are of *34 the opinion that the counsel fee awarded by the trial court would have been adequate.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] At the conclusion of the plaintiffs' case the trial court granted a motion by defendant New Jersey Manufacturers Ins. Co. for an involuntary dismissal. An order to that effect was entered on June 4, 1981 and was not appealed.