WILLIAM J. CRISTIANI AND ELIZABETH A. CRISTIANI, PLAINTIFFS, v. DAVID PAUL AND KATHRYN PAUL, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County
Special Civil Part

Decided May 3, 1983.

*Thomas A. McKinney* for plaintiffs (*Waldman, Renda & McKinney,* attorneys).

*Jerome M. Lane* for defendants.

BOGGIA, J.S.C.

This is a summary action for recovery of possession of rental-residential premises. The court is faced with a novel legal issue which has not heretofore been resolved in this State. In particular, the court must determine the time period within

which a tenant may invoke the provisions of the Rent Security Deposit Act where such tenant lives in owner-occupied premises with not more than two rental units. In order to resolve this issue, the court must interpret the newly-added language contained in *N.J.S.A.* 46:8–26. This decision will supersede any previous determinations made in this case by this court.

The uncontroverted facts may be briefly summarized. The Plaintiffs, William and Elizabeth Cristiani, and defendants, David and Kathryn Paul, are parties to a lease agreement. In the said lease, defendants agreed to rent premises in a two family, owner-occupied dwelling for a two-year period commencing May 1983. The defendants further agreed to pay the equivalent of two-months' rent as a security deposit.

Approximately six months after the tenancy commenced, the defendants-tenants sent written notice to plaintiffs-landlords invoking the provisions of the Rent Security Deposit Act. The act provides, in relevant part, that the maximum security deposit which a landlord may demand is the equivalent of 1½-months' rent. It further provides that the landlord place such money into a separate, interest-bearing, bank account and then notify the tenant of the location of said account. Although plaintiffs then sent written notice to the defendants notifying them of the bank where the security money was being held, they failed to return that portion of the money exceeding the equivalent of 1½ months' rent and to deposit the remaining money into a separate bank account. Thereafter, defendants sent written notice to the plaintiffs directing that the full amount of the security money be applied to the full payment of rent due in January and February 1984. They cited as grounds for such application that plaintiffs failed to comply with the act because they never deposited the security money in a separate bank account and because they were holding an excessive amount of the money.

The landlords concede that if the Security Deposit Act applies to this case, then they are in violation of same. They contend,

however, that the tenants failed to timely invoke the provisions of said act and are thus in default on two months' rent because the right to apply security money to rent owed under the act never arose. The court will now turn to the provisions of the Security Deposit Act for a determination of this issue.

The Rent Security Deposit Act became effective in New Jersey on January 1, 1968. *N.J.S.A.* 46:8–19 through –26. Owner-occupied premises with not more than two rental units were originally exempted from its coverage. In the most recent amendment of the act, however, new language was added to *N.J.S.A.* 46:8–26 which permits such coverage. This section, as amended, now states:

> The provisions of this act shall apply to all rental premises or units used for dwelling purposes except owner-occupied premises with not more than two rental units where the tenant has failed to provide 30 days written notice to the landlord invoking the provisions of this act. [emphasis supplied]

The parties each interpret the above underlined portion of the statute differently.

The landlords argue that such language should be construed to mean that written notice must be given by the tenants invoking the provisions of the act within 30 days of the date the security money is paid over to the landlord or the date the lease is entered into, whichever is later. They further maintain that such a construction would be in accord with the 30-day provision of *N.J.S.A.* 46:8–19, the first section of the Rent Security Deposit Act, which requires a landlord to deposit security money into a bank account and send the tenant written notice of the bank's name and address within 30 days after receipt of the deposit.

It is the tenants' contention that such language should be construed to mean that a tenant may invoke the provisions of the act at any time during the tenancy by providing 30-days written notice to the landlord. They further assert, consistent with their interpretation of *N.J.S.A.* 46:8–26, that the 30-day written notice provision is intended to give the landlord reasonable time to comply with the statute.

■ Our Supreme Court has held that remedial legislation should be liberally construed so as to accomplish the result intended by the Legislature and reflected in the context of the statutory scheme as a whole, as long as the interpretation is within the plain meaning of the statutory language. *Service Armament v. Hyland,* 70 *N.J.* 550, 559 (1976); *Singleton v. Consolidated,* 64 *N.J.* 357, 362 (1974); *Martin v. American Appliance,* 174 *N.J.Super.* 382, 384 (Law Div.1980). It is clear that the Rent Security Deposit Act is remedial legislation which was enacted to protect tenants from overreaching landlords who seek to defraud tenants by diverting rent security deposits to their own use. *See, e.g., Jaremback v. Butler Ridge Ap'ts,* 166 *N.J.Super.* 84, 87 (App.Div.1979).

■ Applying these principles, this court holds that the most reasonable interpretation to be given to the newly-added language of *N.J.S.A.* 46:8–26 is that a tenant in owner-occupied premises may invoke the provisions of the Rent Security Deposit Act at any time during the tenancy. The landlord will then have 30 days after receipt of such written notice to fully comply with the provisions of the act.

To hold otherwise would place an unreasonable burden on tenants living in owner-occupied premises. Indeed, responsibility has already been placed on these tenants to invoke the provisions of the act; tenants living in other residential premises are automatically covered. To add the further requirement that notice invoking the act be received within 30 days from the inception of the tenancy would constitute an unduly narrow interpretation of *N.J.S.A.* 46:8–26 and would frustrate the act's overall remedial intent.

■■ The court further holds that the language in *N.J.S.A.* 46:8–26 must be read in conjunction with the language in *N.J.S.A.* 46:8–19. For the purposes of owner-occupied premises, the requirement set forth in *N.J.S.A.* 46:8–19 that the landlord deposit security money into a separate bank account and send proper notice within 30 days after its receipt is

suspended. A different time period as expressed in *N.J.S.A.* 46:8–26, *i.e.*, 30 days from receipt of the notice invoking the act, shall apply. This interpretation comports with the maxim that "[t]he parts of a statute are to be viewed in relation to the whole and motive which led to the making of the law, and reconciled if possible." *Goff v. Hunt*, 6 *N.J.* 600, 606 (1951).

The court thus holds that defendants timely invoked the provisions of the Rent Security Deposit Act. Thereafter, the plaintiffs failed to return that portion of the security equal to ½ month's rent and failed to deposit the remaining amount in a separate interest bearing bank account. Since the security money was never placed in a separate, interest bearing bank account, the notice sent to defendants by plaintiffs indicating the name of the bank where the security money was being held was ineffective to comply with the act. Thus, defendants could properly direct that such security money be applied to January and February 1984 rent.

The judgment for possession previously entered on February 9, 1984 is hereby vacated. Judgment of dismissal of the entire complaint is entered in favor of defendants.