253 N.J. Super. 502 (1991)
602 A.2d 302
MICHAEL W. KNAPP, PLAINTIFF,
v.
POTAMKIN MOTORS CORP., DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
October 7, 1991.
*503 William J. Schwartz, for plaintiff.
Howard A. Teichman, for defendant.
ARNOLD, P.J.Cv.
This is a consumer fraud action based on an allegation that defendant knowingly concealed, suppressed or omitted a material fact with the intent that plaintiff rely on the concealment, suppression or omission. This court instructed the jury that in order to find that defendant committed a consumer fraud "it is not necessary for the plaintiff to prove that he was misled." That language appears in the "Second Alternate" portion of model jury charge (civil) § 4.22 (April 1987). The jury decided that defendant committed a consumer fraud, and awarded plaintiff $5,000 in damages. Defendant moves for a judgment n.o.v. or in the alternative for a new trial or remittitur. Based on a review of the history of the Consumer Fraud Act and the relevant case law, this court holds that the jury should not have been instructed that "it is not necessary for the plaintiff to prove that he was misled" and that the instructions were so contradictory as to constitute reversible error requiring a new trial.
The material facts are as follows. On September 30, 1987, plaintiff, Michael Knapp, bought a "new" Chevrolet S-40 Blazer truck from defendant, Potamkin Motors Corp. (Potamkin). Plaintiff accepted delivery after dark and he noticed no damage to the truck. However, about a week later, after his wife discovered pieces of glass behind the front seat, plaintiff examined *504 the truck and found places where paint had been sprayed on parts not normally painted. He brought the truck to an expert in the auto body repair business who told him that the roof and other areas had been damaged and improperly repaired. Plaintiff sued Potamkin alleging, inter alia, that Potamkin violated the Consumer Fraud Act by selling him as "new" a truck that had been substantially damaged prior to delivery. At trial, the expert testified that the repairs had not been properly made, that at the time of his inspection it would have cost $2,000 to properly repair the truck, and that it would now cost in excess of $4,000 to properly repair the truck. Potamkin's representative in his testimony admitted that the truck had been damaged in transit from the factory, and that this had not been disclosed to plaintiff. He testified that no disclosure was made because the cost of the repairs was less than $400 and Potamkin had a policy of not disclosing to a customer that a vehicle being sold as "new" had sustained damage unless the cost of repair exceeded $400. Potamkin argued that the car had been properly repaired.
As originally enacted in 1960, the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., did not provide a private cause of action. In section 2, it declared certain practices to be unlawful "whether or not any person has in fact been misled, deceived or damaged thereby" and gave the Attorney General certain powers to redress violations. N.J.S.A. 56:8-3 et seq. In 1971, the act was substantially amended and section 19 was added. That section allows a private cause of action by a person who has been damaged as a proximate result of a violation of the act. Specifically section 19 reads in relevant part:
Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction....
The legislative history of the 1971 amendment is very meager and is set forth in Skeer v. EMK Motors, Inc., 187 N.J. Super. 465, 471-472, 455 A.2d 508 (App.Div. 1982). In Skeer the court *505 concluded that the 1971 amendment was intended to encourage private parties to bring their own actions instead of the Attorney General and to provide an incentive for an attorney to take a case by mandating payment of attorneys fees and treble damages. But, there is no legislative history to indicate whether the Legislature considered the relationship between the language in section 2, declaring certain practices to be unlawful "whether or not any person has in fact been misled, deceived or damaged thereby," and the requirement in section 19 requiring a person to show damages as a proximate result of a violation of the Consumer Fraud Act in order to recover.
This court agrees with defendant that the only logical interpretation of sections 2 and 19 is that the Attorney General has the authority to seek to redress and enjoin violations of the act whether or not any person has been misled, damaged or deceived thereby, but that a private person must be misled and damaged as a proximate result of a violation of the act in order to have standing to sue. This court's reasoning is as follows.
There are two categories of offenses in the Consumer Fraud Act. Chattin v. Cape May Greene, Inc., 124 N.J. 520, 522, 591 A.2d 943 (1991) (Stein, J., concurring). The first category of offenses  unconscionable commercial practices, deception, fraud, false pretenses, false promise and misrepresentation  are affirmative acts. They do not require proof of intent to deceive. Ibid. The second category differs from the first because they are acts of omission and they do require proof of intent to deceive.[1] This distinction is similar to the distinction between equitable fraud and legal fraud. Ibid.; see also Jewish Center of Sussex County v. Whale, 86 N.J. 619, 624-625, 432 A.2d 521 (1981). Like the first category, equitable fraud does not require proof of intent to deceive. However, legal *506 fraud is similar to the second category because scienter and proof of damage proximately caused by the act are required.
The elements of legal law fraud are: (1) material misrepresentation of a presently existing or past fact, (2) knowledge of its falsity and an intention to obtain an undue advantage and (3) the intention that the other party rely thereon, resulting in reliance by the other party to his detriment. Jewish Center of Sussex County v. Whale, supra. These elements of proof are set forth in the third paragraph of the "Second Alternate" portion of model jury charge 4.22. But the second paragraph of that charge recites that "it is not necessary that any person has in fact been misled or deceived." This charge is correct in an action brought by the Attorney General since section 2 of the act specifically provides that such proof is not necessary. However, this charge is inconsistent and confusing when a private party brings an action since that party must prove the elements of legal fraud as well as damages under section 19. See Mishinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 473, 541 A.2d 1063 (1988).
The verb mislead means to lead in a wrong direction, to deceive. Webster's Third New International Dictionary (1981) at 1444. To instruct the jury that plaintiff had to prove all of the elements of legal fraud, including damages, while also instructing them that plaintiff did not have to prove that he was misled, is to give the jury contrary instructions. These instructions were so contrary as to constitute error and require a new trial. Davidson v. Fornicola, 38 N.J. Super. 365, 118 A.2d 838 (App.Div. 1955).
Accordingly, defendant's motion for a new trial is granted. At the new trial this court will not instruct the jury that "it is not necessary for plaintiff to prove that he was misled."
NOTES
[1] Specifically, they require the knowing concealment, suppression, or omission of any material fact with the intent that others rely on such concealment, suppression or omission. Fenwick v. Kay American Jeep, Inc., 72 N.J. 372, 377, 371 A.2d 13 (1977).