270 N.J. Super. 563 (1993)
637 A.2d 600
THEODORE LEVY, PLAINTIFF,
v.
EDMUND BUICK-PONTIAC, LTD., DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Essex County.
Decided October 15, 1993.
*564 Theodore Levy, Plaintiff Pro Se.
Thomas R. Duthie, II, for Defendant.
FAST, J.S.C.
Plaintiff, Theodore Levy, moved to file an amended complaint to recover from the defendant, Edmund Buick-Pontiac, Ltd., treble damages under the Consumer Fraud Act, N.J.S.A. 56:8-19, as well as for compensatory damages (as sought in the original complaint). Plaintiff, the assignee of this claim, asserts that defendant, from whom a car with 6,727 miles was purchased, failed to inform the purchaser that the car was not covered under a new car warranty but rather under a manufacturer's warranty of a lesser duration. The issue presented is whether an assignee of a claim has standing to sue for treble damages under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -60. The proposed amendment would be accomplished by adding Counts V and VI to the complaint.
Plaintiff's motion to amend his complaint had been denied and plaintiff then moved for reconsideration. If the amendment is granted, plaintiff would seek a total of $1,530.00 in damages.
*565 On August 29, 1989, Jay Levy bought a Buick Reatta for $22,353.00 from defendant, Edmund Buick-Pontiac, Ltd. Mr. Loccke, an agent of defendant, allegedly represented that the vehicle had been used by the defendant for demonstrations for other customers and that the car had accumulated a total of 6,727 miles. Loccke allegedly represented that said vehicle was being sold as a new car with all the benefits normally attaching to a new car, specifically, a new car warranty. Defendant denies those representations allegedly made by Loccke.
On August 20, 1992, the car's brakes allegedly locked, causing the vehicle to spin out of control, after which the car was towed to defendant's premises. At that time, the alleged milage on the vehicle was 39,476. The defendant repaired the vehicle and was paid a total of $510.80, by Jay Levy. On September 20, 1992, Jay Levy assigned all his rights, title, and interest in his claim against defendant to his brother, Theodore Levy.
Theodore Levy, plaintiff, claims that defendant allegedly failed to inform Jay Levy that the vehicle was covered solely by the manufacturer's warranty, and not by a three-year new car warranty. Had Jay Levy known of the manufacturer's warranty of lesser duration, Theodore Levy alleges that Jay Levy would not have purchased the vehicle. Further, plaintiff asserts that Jay Levy paid for the repairs under protest because the defendant allegedly refused to release possession of the vehicle to Jay Levy until payment for the repairs was made. Defendant claims that the terms of the sales contract Jay Levy signed are clear with regard to the applicable warranty.
The assignment of the claim from Jay Levy to plaintiff was valid. N.J.S.A. 2A:25-1. A letter to Theodore Levy from Jay Levy, dated September 20, 1992, evidenced Jay Levy's intent to assign all of his claims against defendant to plaintiff. See Transcon Lines v. Lipo Chem., Inc., 193 N.J. Super. 456, 467, 474 A.2d 1108 (Cty.Ct. 1983), citing 3 Williston on Contracts § 404 at 4 (Jaeger ed. 1957). Upon accepting a valid assignment, the assignee of a chose in action arising under contract law may sue thereon *566 in the assignee's own name. Russell v. Fred G. Pohl Co., 7 N.J. 32, 80 A.2d 191 (1951); N.J.S.A. 2A:25-1.
Although an action may be commenced in the name of the assignee, I find that an assignee lacks standing to sue under the Consumer Fraud Act. N.J.S.A. 56:8-1 to -60. The Consumer Fraud Act "was aimed at preventing the use of `any deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact' with the purpose of inducing another to rely in connection with the sale or advertisement of any merchandise." Skeer v. EMK Motors, Inc., 187 N.J. Super. 465, 467, 455 A.2d 508 (App. Div. 1982); N.J.S.A. 56:8-2. As originally promulgated in 1960, the Consumer Fraud Act did not even provide a private cause of action, giving sole authority to redress violations to the Attorney General. Knapp v. Potamkin Motors Corp., 253 N.J. Super. 502, 504, 602 A.2d 302 (Law Div. 1991); N.J.S.A. 56:8-3 to -18. In 1971, the Act was amended to include section 19, permitting private persons "who suffer[ed] a loss due to a method, act or practice declared unlawful under the act, to sue and recover threefold the damages sustained." Daaleman v. Elizabethtown Gas Company, 77 N.J. 267, 271, 390 A.2d 566 (1978); N.J.S.A. 56:8-19. In full, section 19 states:
Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section the court shall award reasonable attorney's fees, filing fees and reasonable costs of suit.
The treble damage provision is designed to prevent unconscionable commercial practices in connection with the sale or advertisement of any merchandise or real estate. Skeer, supra., 187 N.J. Super. at 469-470, 455 A.2d 508. "The legislative language throughout the statute and the evils sought to be eliminated point to an intent to protect the consumer in the context of the ordinary *567 meaning of ... the market place." Neveroski v. Blair, 141 N.J. Super. 365, 378, 358 A.2d 473 (App.Div. 1976).
Although privity is not a condition precedent to recovery under the Consumer Fraud Act, the statute grants a remedy for any ascertainable loss as a result of the use of any method, act or practice declared unlawful. "There is no provision that the claimant thereunder must have a direct contractual relationship with the seller of the product or service." Id. at page 376, 358 A.2d 473. In this case, plaintiff's lack of privity with defendant would not have barred his claim had he suffered an ascertainable loss.
However, pursuant to N.J.S.A. 56:8-19, a person must suffer an ascertainable loss in order to be entitled to treble damages. Only a person who sustains an ascertainable loss as the result of defendant's prohibited conduct, i.e., a loss proximately caused by defendant, may recover treble damages. Truex v. Ocean Dodge, Inc., 219 N.J. Super. 44, 51, 529 A.2d 1017 (App.Div. 1987); Ramanadham v. New Jersey Mfrs. Ins. Co., 188 N.J. Super. 30, 33, 455 A.2d 1134 (Law Div. 1982); N.J.S.A. 56:8-19.
Plaintiff lacks standing to claim treble damages because he did not suffer any ascertainable loss as a result of defendant's conduct and therefore he does not qualify for the relief sought. Plaintiff's brother, Jay Levy, allegedly suffered the loss when he was required to pay for repairs to his vehicle which he believed were covered under a new car warranty. Plaintiff, however, is merely the voluntary assignee of a right to pursue the claim; he has not demonstrated that he suffered any ascertainable loss. Plaintiff assumed the claim, not the statutory relief afforded to the victim of the allegedly unconscionable conduct. To hold otherwise would be similar to giving him the same right given by the legislature to the Attorney General. Plaintiff, by failing to establish any ascertainable loss to himself is not eligible for the remedies outlined in N.J.S.A. 56:8-19. Martin v. American Appliance, 174 N.J. Super. 382, 385, 416 A.2d 933 (Law Div. 1980).
*568 Wildstein v. Tru Motors, Inc., 227 N.J. Super. 331, 547 A.2d 340 (Law Div. 1988), is also instructive. It noted that: "A statute which creates a remedy of an existing right is regarded as cumulative, rather than exclusive, of a common law remedy, unless there is a clear legislative expression to the contrary." Although there is no expression to the contrary, likewise there is no expression that the enhanced damages are assignable, as was the underlying contract action. The intent of the remedial statute should be liberally interpreted in order to effectuate the intent of the statute, but that intent was to protect consumers; in this instance, plaintiff-assignee was not a consumer vis-a-vis defendant.
Plaintiff has cited no authority to the contrary.
Plaintiff's motion for reconsideration of the denial of his motion to file an amended complaint (adding Counts V and VI) alleging violation of the Consumer Fraud Act is denied.