740 A.2d 643 (1999)
326 N.J. Super. 24
John D. BRANIGAN and Beth Randall Branigan, his wife, Plaintiffs-Appellants,
v.
LEVEL ON THE LEVEL, INC. and David Marlinski, individually, Defendants/Third-Party Plaintiffs/Respondents,
v.
Kerr Plumbing and Michael Vricella, Third-Party Defendants,
and
Michael Kerr, Plaintiff,
v.
John Branigan, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted September 14, 1999.
Decided October 6, 1999.
*645 Ephraim T. Jerchower, East Hanover, for plaintiffs-appellants (Mr. Jerchower, on the brief).
Harris Dickson, for defendants/third-party plaintiffs/respondents (Kathleen McCormick Campi, Montclair, on the brief).
Before Judges KIMMELMAN and CIANCIA.
*644 The opinion of the court was delivered by CIANCIA, J.A.D.
Plaintiffs appeal the involuntary dismissal of their suit pursuant to defendants' motion under R. 4:37-2(b), made at the close of plaintiffs' proofs.
Plaintiffs had contracted with defendant Level on the Level, Inc., through its president, David Marlinski, for an extensive home improvement project designed to renovate portions of plaintiffs' existing Victorian home and add significant additional living space. Plaintiff John Branigan, a graphic designer by profession, spent three years developing the design plans and specifications for the project. When the project went out to bid, the specifications encompassed twenty-four pages of detailed requirements. Marlinski's company was the successful bidder, and the contract entered between the parties specifically incorporated the drawings and specifications prepared by Branigan as well as the bid proposal submitted by Level on the Level, Inc.
Suffice it to say when the work was completed there were two problems that became the impetus for this litigationan inadequate heating system and the presence of water in the basement of the new addition under certain conditions. Plaintiffs' complaint essentially alleged breach of contract, negligence, breach of warranty, and violations of the Consumer Fraud Act.
Plaintiffs' case included testimony from a professional engineer, an expert in heating and air conditioning, as well as Marlinski, himself. A complete factual scenario was developed, and there were surprisingly few disputed factual issues. When plaintiffs rested, defendants moved for, and were granted, an involuntary dismissal.
Judge Kirsten found an absence of proof to support the plaintiffs' allegations. With one exception, discussed below, we affirm the dismissal substantially for the reasons set forth by Judge Kirsten.
Essentially the facts displayed a homeowner attempting to cover all the bases and retain control over all the primary decisions. Unfortunately, some of those decisions proved to be incorrect. Thus, for example, an understandable desire to cut down on costs and an absence of water problems in the existing structure prompted Branigan not to install water prevention or water removal devices either in the basement of the new addition or outside the foundation. This decision was made even though Marlinski and others pointed out to him what options were available. So too, the heating problem arose from Branigan's specification that required the existing furnace to carry the load of the new addition. As it turned out, the furnace was unable to do so, and ultimately the problem was remedied by the installation of a second furnace.
*646 We are thoroughly convinced, as was Judge Kirsten, that viewing the proofs most favorably to plaintiffs, there was no evidence to permit a jury to find defendants had done anything or failed to do anything that could be considered negligent, a breach of contract, a breach of warranty, or a violation of the Consumer Fraud Act. Dolson v. Anastasia, 55 N.J. 2, 258 A.2d 706 (1969).
There is, however, more to the consumer fraud statute than acts of commission or knowing acts of omission. There is a third category that may be the basis of an unlawful practice, and that is the regulations promulgated pursuant to N.J.S.A. 56:8-4. A violation of those regulations will result in the imposition of liability. "The parties subject to the regulations are assumed to be familiar with them, so that any violation of the regulations, regardless of intent or moral culpability, constitutes a violation of the Act." Cox v. Sears Roebuck & Co., 138 N.J. 2, 18-19, 647 A.2d 454 (1994). Proof of a regulation violation will be sufficient to establish unlawful conduct under the Act. Ibid.
Here, plaintiffs alleged the contract with Level on the Level, Inc. contained several violations of the regulations, including a failure to provide warranties; a failure to set forth contracts with subcontractors; a failure to adequately describe the products and materials to be used on the job; and the failure to set forth starting and completion dates of the work. As we read the pertinent regulations (N.J.A.C. 13:45A-16.2), there is no requirement the "seller" set forth its contracts with subcontractors. Nor, in the first instance, are warranties required. Rather, any guarantees or warranties that are to be provided with respect to labor, services, products, or materials shall be set forth in writing. N.J.A.C. 13:45A-16.2(11)(i) and (12)(xi). The regulations do require that a description of the work to be done include "where applicable" a description of principal products, fixtures, building or construction materials. N.J.A.C. 13:45A-16.2(12)(ii). Here, however, this requirement was clearly met by the inclusion of plaintiff's plans and detailed specifications in the contract.
This leaves only the regulation that requires the home improvement contract to set forth "the dates or time period on or within which the work is to begin and be completed by the seller." N.J.A.C. 13:45A-16.2(12)(iv). Here, the contract was drawn up by Marlinski, and it did not contain any reference to a starting date or completion date. The evidence in plaintiffs' case was that the parties discussed the topic and Branigan testified that one reason he hired Level on the Level, Inc. was because he thought the job would be completed in a timely manner. Ultimately, the job that began in late summer could not be finished before winter set in, and a small portion of the work had to be carried over to the following year. In fact, this was not a bone of contention between the parties, and for all intents and purposes, the work ended amicably.
It is clear that Marlinski's failure to set forth starting and completion dates was a violation of the consumer fraud regulations. The cases leave no doubt that a violation of a regulation, even one that may be characterized as technical, constitutes a violation of the Act. But it is also clear that treble damages are not awarded unless there is a causal link between the violation and damages. Roberts v. Cowgill, 316 N.J.Super. 33, 719 A.2d 668 (App. Div.1998). In the present case, there was no evidence of damages flowing from the failure to specify starting and completion dates in the contract.
Plaintiffs, however, also claim that even if there are no damages, they should still be awarded attorneys' fees and costs of suit. They cite to Cox, supra; Roberts, supra; and Performance Leasing v. Irwin Lincoln-Mercury, 262 N.J.Super. 23, 619 A.2d 1024 (App.Div.1993).
In Cox, Justice Clifford stated:
*647 For the sake of completeness we add that a consumer-fraud plaintiff can recover reasonable attorneys' fees, filing fees, and costs if that plaintiff can prove that the defendant committed an unlawful practice, even if the victim cannot show any ascertainable loss and thus cannot recover treble damages. Performance Leasing, supra, 262 N.J.Super. at 31, 34, 619 A.2d 1024 (holding that where jury found that defendant had committed unconscionable commercial practice and thus had violated Act, but that plaintiff had not been damaged by that violation, strong precedent supported award to plaintiff of attorneys' fees). The fundamental remedial purpose of the Act dictates that plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship.

[138 N.J. at 24-25, 647 A.2d 454.]
More recently, this court said:
It follows that attorneys fees should be awarded as well. We note, however, the error in the trial judge's conclusion that his determination not to award treble damages necessarily precluded an award of attorneys fees. The two remedies are clearly independent of each other..... Moreover, "the Consumer Fraud Act makes no distinction between `technical' violations and more `substantive' ones." BJM Insulation & Const., Inc. v. Evans, 287 N.J.Super. 513, 517-18, 671 A.2d 603 (App.Div.1996). "The fundamental remedial purpose of the Act dictates that plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship." Cox, supra, 138 N.J. at 25, 647 A.2d 454. Because plaintiffs established an unlawful practice under the Act they were entitled to attorney's fees.
[Roberts v. Cowgill, 316 N.J.Super. at 45, 719 A.2d 668.]
Although we think the facts now before us demonstrate the lowest conceivable level of violation under the Consumer Fraud Act, and although we have difficulty seeing how the salutary goals of this Act are furthered by the award of fees, the statute nevertheless supports such an award. The Supreme Court has made it clear that the statute mandates an award of counsel fees and costs for any violation of the Act, even if that violation caused no harm to the consumer. Performance Leasing v. Irwin Lincoln-Mercury, supra. Relief from this strict liability, if any, must be granted by the Legislature.
The amount of reasonable attorneys' fees to be awarded pursuant to N.J.S.A. 56:8-19, however, is within the sound discretion of the trial court, guided by those principles that run consistently through our caselaw when courts address the appropriate quantum of fees allowable pursuant to various fee-shifting statutes. Thus, along with other factors, courts must look at the level of success achieved in the litigation. Rendine v. Pantzer, 141 N.J. 292, 336, 661 A.2d 1202 (1995); Szczepanski v. Newcomb Med. Center, 141 N.J. 346, 358-359, 661 A.2d 1232 (1995). This principle, although expressed by our Supreme Court in cases arising under the Law Against Discrimination, has application to other fee-shifting statutes, including 42 U.S.C.A. § 1988, Singer v. State, 95 N.J. 487, 472 A.2d 138 (1984), cert. denied, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 64 (1984); The Conscientious Employee Protection Act (N.J.S.A. 34:19-1 to 34:19-8), Abbamont v. Piscataway Tp. Bd. of Ed., 314 N.J.Super. 293, 308-309, 714 A.2d 958 (App.Div.1998), and the so-called frivolous litigation statute (N.J.S.A.2A:15-59.1), Fagas v. Scott, 251 N.J.Super. 169, 193, 597 A.2d 571 (Law Div.1991).
Indeed, this court has acknowledged these principles in the context of the Consumer Fraud Act, in dicta. Chattin v. Cape May Greene, Inc., 243 N.J.Super. 590, 610-617, 581 A.2d 91 (App.Div.1990), aff'd, 124 N.J. 520, 591 A.2d 943 (1991). As part of that discussion, we noted the relevance of the amount of damages recovered to the amount of attorneys' fees to be *648 awarded. Id. at 616, 581 A.2d 91. We commend Judge Skillman's discussion in Chattin to the trial judge in determining an appropriate fee award in the present case.
Accordingly, we reverse and remand for the limited purpose of determining an appropriate award of reasonable attorneys' fees, filing fees, and reasonable costs of suit to plaintiffs. The judgment below is otherwise affirmed. We do not retain jurisdiction.