**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2056-16T3

CHRISTOPHER HOUGHTON,

    Plaintiff-Respondent,

v.

STEVE HOURAN, HOURAN FUCETOLA
CONSTRUCTION, LLC, and HOURAN
USA CONSTRUCTION, LLC,

    Defendants/Third-Party
    Plaintiffs-Appellants,

v.

SHEILA HOUGHTON,

    Third-Party Defendant-
    Respondent,

and

S&L ARCHITECTURE STUDIO, LLC,

    Third-Party Defendant.

_____

Argued May 23, 2018 — Decided June 21, 2018

Before Judges Koblitz, Manahan, and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No. L-
1982-15.

Michael J. Confusione argued the cause for appellants (Hegge & Confusione, LLC, attorneys; (Michael J. Confusione, of counsel and on the brief).

Jeffrey S. Wilson argued the cause for respondents (Hedinger & Lawless LLC, attorneys; Jeffrey S. Wilson, on the brief).

PER CURIAM

Defendants Steve Houran (Houran), Houran Fucetola Construction, LLC (Houran Fucetola), and Houran USA Construction, LLC (Houran USA) (collectively defendants) appeal from the December 20, 2016 judgment entered against them in favor of plaintiff Christopher Houghton for defendants' breach of contract and violation of home improvement regulations. We affirm the liability and compensatory damages portion of the judgment because there was substantial evidence to support them. We vacate the attorney's fee award because of a lack of findings under Rule 1:7-4(a) and remand that issue for findings of fact and conclusions of law. We also vacate the judgment based on a lack of findings, to the extent that it imposed individual liability upon defendant Houran for compensatory damages and for attorney's fees, and remand those issues to the trial court for findings consistent with Rule 1:7-4(a). We have not retained jurisdiction.

In September 2014, plaintiff filed a complaint seeking compensatory, treble and punitive damages and attorney's fees from

defendants for breach of contract, misrepresentation, and violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to - 48, arising from a home improvement contract that he signed with Houran Fucetola. Defendants' answer[1] included a counterclaim for breach of contract and unjust enrichment and a third-party complaint against plaintiff's wife, Sheila Houghton, which additionally alleged tortious interference with the contract.[2] Sheila Houghton filed a third-party counterclaim.

I

A bench trial was conducted in November 2016, from which we glean the facts. In 2013, Kenneth Schier of S&L Architecture Studio was hired to prepare architectural plans for an addition to plaintiff's home in Ridgewood, New Jersey. Plaintiff searched for a contractor through Home Advisors. Defendant Steve Houran received the referral, contacted plaintiff and met with him. Plaintiff gave Houran a copy of the architectural plans. Houran prepared the written contract based on these plans. It was signed on September 16, 2013, by plaintiff and Houran Fucetola.

---

[1] Defendants' answer acknowledged that Steve Houran is the owner and managing member of Houran Fucetola and Houran USA.

[2] Defendants filed a third party complaint against S&L Architecture Studio, LLC. This claim was dismissed.

The contract did not include the business address of Houran Fucetola, the start and completion date for the project or the total price to be paid by plaintiff. It did include sub-categories of work to be completed and the price for the foundation, framing, roofing, siding, flooring, electrical, and plumbing. The contract included a schedule of payments that were due upon certain benchmarks.

Work commenced on the addition in March 2014, after building permits were obtained. The construction project immediately struck a sour note, with the defendants undertaking demolition work while the Houghtons were away, contrary to their instruction. The work proceeded until April 23, 2014, when Houran sent a termination notice, claiming that delays were attributable to the owner's interference with the scope of the work and "trigger[ed]" by "the decision to remove portions of the contract." By that point, plaintiff had paid $51,861.74, which was 80% of the contract. The construction was not finished. Plaintiff hired contractors to remediate and complete the work.

Schier testified as an expert in residential construction that there were multiple problems with the construction which was "[b]elow acceptable reasonable standards," describing it as "the worst construction project [he] had ever seen in [his] career." He testified that the foundation was improperly constructed, the

ridge beam was not made of microllam as required by the plans, the construction used improper fasteners, lacked headers, used improper joist hangers, did not have hurricane straps, was missing floor joists, and the second floor stairs now were sagging. There were other workmanship problems as well.

The Village of Ridgefield building inspector, Carlo Madrachimov, testified, "there [were] multiple failures on this . . . project," which included the depth of the footing, framing deficiencies, and use of a ridge beam made of "regular nominal lumber." He said that the architect's plans were not followed.

Houran testified that he had many years' experience in the construction industry and completed hundreds of home improvement renovations. He said they ran into some issues in the construction that required four change orders, all of which were agreed to by plaintiff through email. His firm was not able to complete the project because plaintiff "excised" parts of the contract. He blamed Sheila Houghton for interfering with their work. Houran was not permitted to testify about issues he had with the architectural plans because defendants had not named any expert witnesses in their answers to discovery. David Sanchez, who was employed by Houran USA on the project, testified that Sheila would not let the project go forward as she "was always there having a

little comment or asking something or saying something to do their own way."

The trial court issued a written opinion on November 17, 2016,[3] finding that defendants breached the contract by sending the termination notice and that Sheila did not interfere with defendants' work. The court described Houran's testimony as "lacking detail, or any support by reference to the applicable architectural codes." The court did not consider his testimony credible because photographs in evidence showed "the poor quality of his work." The court found that plaintiff suffered actual damages of $41,493.06, consisting of the cost to remediate and to complete the work, less the balance remaining on the contract.

The court held that the contract violated portions of the "Home Improvement Practices" regulations, N.J.A.C. 13:45A-16.2(a)(12), because it did not include defendants' business address, the dates or time period the work would begin or be completed by, or the total price to be paid by the buyer. The court denied plaintiff's request for treble damages under the CFA, however, because his damages arose from "shoddy work and breach of contract," and were not causally related to the CFA violations.

---

[3] The record does not include an order from November 17, 2016.

Plaintiff was entitled to an award of attorney's fees under the CFA, citing Cox v. Sears Roebuck & Co., 138 N.J. 2 (1993).

The trial court's December 20, 2016 "Order for Judgment" provided in the "whereas" clauses that "sufficient evidence had been presented that the defendant Steven Houran was individually liable under the 'Home Improvement Practices' regulations of the CFA" and that plaintiff's attorney's fee certification was "reasonable and proper based on the complexity of this case and the amount of time reasonably expected for a case of this nature." The court entered a judgment against all defendants, including Houran individually, in the amount of $68,193.06, consisting of $41,493.06 in compensatory damages and $26,700 in attorney's fees and costs.

On appeal, defendants contend that the trial court erred by finding that they breached the contract and by rejecting their claim of anticipatory breach by plaintiff. Houran contends he should have been able to testify as an expert about the work performed by his company. Even if there were liability on the part of the company because the contract was breached or the home improvement regulations were violated, defendants claim the court should not have held Houran individually liable for damages or for attorney's fees. Although not raised before the trial court,

defendants argue the court erred by not apportioning the award of attorney's fees between the breach of contract and CFA claims.

## II

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

There was ample evidence to support the court's finding that defendants breached this contract. To establish his breach of contract claim, plaintiff was required to prove that (1) "[t]he parties entered into a contract containing certain terms"; (2) "plaintiff did what the contract required [him] to do"; (3) "defendant[s] did not do what the contract required the defendant[s] to do"; and (4) "defendant[s'] breach, or failure to do what the contract required, caused a loss to the plaintiff." Model Jury Charge (Civil), 4.10A "The Contract Claim - Generally"

(approved May 1998); see Globe Motor Co. v. Iqdalev, 225 N.J. 469, 482 (2016). No one disputed that there was a written contract and that plaintiff paid defendants pursuant to the contract.

The contract provided that the work was to be completed per the final architectural plans. The evidence, which largely was unrefuted, showed that defendants' construction work varied widely from these plans, consisting of among other things, improper ridge beams, headers, fasteners, hangers and straps. Houran's testimony, found not to be credible, was inconsistent with the photographic evidence. The work that was performed by defendants needed to be repaired, resulting in additional expenses to plaintiff.

We agree with the trial court that the evidence did not support defendants' anticipatory breach of contract claim. "An anticipatory breach is a definite and unconditional declaration by a party to an executory contract — through word or conduct — that he will not or cannot render the agreed upon performance." Ross Sys. v. Linden Dari-Delite, Inc., 35 N.J. 329, 340-41 (1961). If the breach goes to the essence of the contract, the non-breaching party may treat the contract as terminated and refuse to render continued performance. Id. at 341. Anticipatory repudiation can be found "where reasonable grounds support the obligee's belief that the obligor will breach the contract.'"

<u>Spring Creek Holding Co. v. Shinnihon U.S.A. Co.</u>, 399 N.J. Super. 158, 180 (App. Div. 2008) (quoting <u>Danzig v. AEC Corp.</u>, 224 F.3d 1333, 1337 (2000)).

Houran's and Sanchez's testimony that Sheila "interfered" and asked them to "change" things evidenced nothing specific that would have prevented performance under the contract. Houran testified he could have completed the contract, which undercut his claims about Sheila. Houran also complained that plaintiff "excised" certain portions of the contract but this was not material because by that time, plaintiff had substantially performed and defendant never demanded reasonable assurance from plaintiff. <u>See</u> <u>Spring Creek</u>, 339 N.J. Super. at 179-80.

Defendants contend the court erred by not allowing Houran to testify as an expert witness. "The admission or exclusion of expert testimony is committed to the sound discretion of the trial court." <u>Townsend v. Pierre</u>, 221 N.J. 36, 52 (2015). "The decision as to exclusion must stand unless so wide of the mark that a manifest denial of justice resulted." <u>Ratner v. General Motors Corp.</u>, 241 N.J. Super. 197, 202 (App. Div. 1990).

Houran testified as a fact witness about construction of the addition; he did not have training or experience to testify about the architectural plans. Also, defendants did not provide the names of, or reports from, any expert witnesses in their answers

to discovery. We discern no abuse of discretion by precluding Houran's testimony as an expert under these circumstances.

Defendants appeal the judgment to the extent that it imposed individual liability on Houran to pay damages and attorney's fees because plaintiff's contract was with Houran Fucetola and not Houran individually. The judgment simply provided in a "whereas" clause that "sufficient evidence had been presented that the defendant Steve Houran was individually liable," citing to the home improvement regulations of the CFA. The trial court made no findings of fact to support this portion of the judgment.

Rule 1:7-4(a) requires that in all actions tried without a jury the court "shall by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law." "The purpose of the rule is to make sure that the court makes its own determination of the matter." In re Tr. Created by Agreement Dated Dec. 20, 1961, by & between Johnson and Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 254 (App. Div. 2006). "When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App.

11

Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)).

Here, the compensatory damages portion of the judgment was based on a breach of contract. The contract was between Houghton and Houran Fucetola. Houran was not individually liable solely as a managing member of the limited liability company. See N.J.S.A. 42:2C-30 (providing that "[t]he debts, obligations, or other liabilities of a limited liability company . . . are solely the debts, obligations, or other liabilities of the company[,] and [they] do not become the debts, obligations, or other liabilities of a member or manager solely by reason of the member acting as a member or manager acting as a manager").

The power to look beyond the corporate form is well established. Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 393 (App. Div. 1989). "It is only upon proof of fraud or injustice that a court will pierce the corporate veil to impose liability on the corporate principals." Touch of Class Leasing v. Mercedes-Benz Credit, 248 N.J. Super. 426, 441 (App. Div. 1991) (citations omitted).

Here, the court made no findings of fraud or injustice that would support its order that Houran was individually responsible for the breach of contract by the limited liability companies. In the absence of findings, we must vacate the judgment to the

extent it imposed individual liability on Houran and remand that issue to the trial court for appropriate findings of fact and conclusions of law.

The December 20, 2016 judgment awarded $26,700 in attorney's fees and costs to plaintiff against defendants, including Houran individually. Defendants contend the court erred in awarding attorney's fees against defendant Houran individually and by not allocating fees between the breach of contract and CFA claims.

An award of attorney's fees is reviewed for "abuse of discretion." Masone v. Levine, 382 N.J. Super. 181, 193 (2005). "[A]buse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Ibid. (citing Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

The CFA allows courts to award "reasonable attorney's fees" to a successful plaintiff under certain circumstances. N.J.S.A. 56:8-19. A plaintiff may recover attorney's fees for violations of the CFA even where the plaintiff has failed to establish an ascertainable loss. Cox, 138 N.J. at 24; Branigan v. Level on the Level, Inc., 326 N.J. Super. 24, 31 (App. Div. 1999). Here, the trial court awarded fees although it found there was no

ascertainable loss by plaintiff arising from the regulatory violations.

An employee or officer of a corporation can be held individually liable under the CFA "when the basis for the CFA claim is a regulatory violation rather than an affirmative act or knowing misrepresentation." Allen v. V & A Bros., Inc., 208 N.J. 114, 133 (2011). In Allen, the Court recognized this involved "fact-sensitive determinations." "[I]ndividual liability for a violation of the CFA will necessarily depend upon an evaluation of both the specific source of the claimed violation that forms the basis for the plaintiff's complaint as well as the particular acts that the individual has undertaken." Id. at 136. The same analysis should apply when determining whether attorney's fees awarded under the CFA for regulatory violations can be assessed individually against an employee or officer of a corporation or limited liability company.

The trial court awarded attorney's fees based on the uncontested violation of the home improvement regulations. The contract itself had made no provision for an award of fees in the event of a breach. The judgment provided in a "whereas" clause that plaintiff's counsel submitted a certification "in accordance with Rule 4:42-9(a) and RPC 1.5(a)" in the amount of $26,700 and the court found that amount "to be reasonable and proper based on

14                                    A-2056-16T3

the complexity of this case and the amount of time reasonably expected for a case of this nature." However, the court made no findings about the fees charged, the hours spent on the case, whether the hours related to the breach of contract or CFA claim or any of the other factors under RPC 1.5. See R. 1:7-4(a).

We do not know whether the court determined a lodestar or whether it chose to enhance it. See Rendine v. Pantzer, 141 N.J. 292, 337 (1995) (providing that after determining the lodestar, the trial court should "consider whether to increase that fee to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome"). The court did not give reasons for why Houran should be held individually liable for these fees.

Defendants complain that the attorney fee award should be allocated because there were no ascertainable losses attributable to the CFA claim. However, attorney's fees do not have to be proportionate to the damages. "Although there is no requirement that an award of attorneys' fees be proportionate to damages, 'the amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded . . . .'" Chattin v. Cape May Greene, Inc., 243 N.J. Super. 590, 616 (App. Div. 1990) (quoting Riverside v. Rivera, 477 U.S. 561, 574 (1986)).

We vacate the award of attorney's fees because of these lack of findings. We remand the issue of attorney's fees to the trial court to make findings of fact and conclusions of law. In that regard the court is to determine the amount of attorney's fees that are reasonable and then whether the fees should be assessed against Houran individually.

Affirmed in part; vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION