**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0833-17T2

CB CONSTRUCTION, INC.,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

JILL PANICO,

    Defendant/Third-Party Plaintiff-
    Appellant/Cross-Respondent,

v.

CHRISTOPHER BOURKE,

    Third-Party Defendant-
    Cross-Appellant.

_____

Submitted January 7, 2019 Decided – June 26, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0150-16.

Trinity & Farsiou, attorneys for appellant/cross-respondent (Joseph F. Trinity, on the briefs).

William H. Michelson, attorney for respondent/cross-appellant.

PER CURIAM

Defendant Jill Panico entered into a contract with plaintiff CB Construction, Inc. ("CB Construction") to renovate her upstairs bathroom. After disputes ensued regarding the renovation and contract payments, CB Construction sued Panico for breach of contract and other equitable claims, seeking to recover the unpaid contract balance of $6,289. Panico counterclaimed, alleging breach of contract, breach of warranty, and violations of the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -210.[1] Following a bench trial, the trial court awarded CB Construction $2,831 on its claim and awarded Panico $1,500 on her counterclaims. After considering defense counsel's certification of services and further briefing, the trial court found that Panico was entitled to only 10% of her claimed attorneys' fees under the CFA and issued an order awarding her $3,429.09 in attorneys' fees.

Panico appeals both the trial court's entry of judgment and order awarding attorneys' fees. CB Construction cross-appealed the order awarding Panico

---

[1] Panico also filed a third-party complaint against C.B. Construction's sole principal, Christopher Bourke.

attorneys' fees, contending that she was not entitled to any fees on her CFA counterclaims.[2] Having reviewed the record in light of the applicable legal standards, we affirm all of the orders on appeal.

I.

Judge Michael F. O'Neil presided over a bench trial on May 1 and 2, 2017 at which Bourke, Panico, and Panico's expert testified.[3] After the trial, Judge O'Neil rendered a comprehensive oral decision detailing his factual findings and legal conclusions.

Initially, Judge O'Neil ruled on pre-trial motions filed by each party. Relevant to this appeal, the judge denied defendant's motion for summary judgment on the grounds that Panico was precluded from recovering the value of services rendered because it violated the CFA. Relying on Scibek v.

_____

[2]   The cross-appeal was also asserted on behalf of third-party defendant Christopher Bourke, who contends he should not have been impleaded and should not bear personal liability for technical violations of the CFA. C.B. Construction and Bourke's appellate brief states: "With respect to making [] Bourke co-liable, a protective [c]ross-appeal was filed in the event a large award of counsel fees should occur, as a result of [d]efendant's main [a]ppeal. If the numbers are the same as the [t]rial [c]ourt ruled, the [c]ourt can disregard this issue."

[3]   Plaintiff filed its complaint in the Special Civil Part, but the matter was transferred to the Law Division on defendant's motion because she claimed damages in excess of $15,000 on her counterclaims.

A-0833-17T2

Longette, 339 N.J. Super. 72, 82 (App. Div. 2001), the judge found that plaintiff was not precluded from seeking the value of services rendered because Panico only established minor, technical violations of the CFA.

Judge O'Neil then made detailed findings of fact. First, the judge addressed the disputed factual issue of when the parties signed the contract for the bathroom renovation. Finding Bourke's testimony on this point to be more credible than Panico's because it was corroborated by emails, the judge found that Bourke signed the contract on May 15, 2015, but Panico did not sign the contract until May 30 due entirely to her own delay.

Next, the judge found that between May 15 and May 30, Panico requested additional work that was not specified in the contract, including the installation of a shower seat bench and recessed niches. Again, the judge found that Bourke testified more credibly than Panico did because his testimony was corroborated by emails. Because Bourke agreed to perform this additional work without increasing the contract price, and because time was not of the essence, the judge found that C.B. Construction was not required to provide a written change order under the CFA.

Judge O'Neil found that in June 2015, disputes arose between the parties regarding some aspects of the renovation, including the quality of the tile work,

the location of a "bull nose" in the bathroom, raising the bathroom floor, and the design of the shower. Due to these disputes, Panico began withholding installment payments under the contract. Based on correspondence between the parties, Judge O'Neil found that CB Construction stood ready to complete the renovation, but that Panico terminated the contract.

Judge O'Neil then turned to the CFA violations claimed by Panico. The judge rejected most of Panico's claims as unsupported by the evidence, including that CB Construction violated the CFA by: (1) starting work before Panico signed the contract; (2) working on other jobs simultaneously to Panico's; (3) using a subcontractor to install the tiles; (4) performing design changes at Panico's request without written change orders; (5) not providing a written notice of termination of the contract;[4] (6) not providing a written change order with regard to the project completion date; (7) requesting installment payment on the contract; (8) using tile of inadequate quality; and (8) leaving a dumpster on Panico's property for a period of time.

---

[4] The judge found that the changed completion date was due to extra work requested by Panico and was not "a material change that required it to be in writing." In any event, the judge found the changed completion date "was in writing, it simply wasn't signed. If anything, it was a technical violation, and resulted in no ascertainable loss."

Judge O'Neil did find that CB Construction committed three technical violations of the CFA, none of which resulted in ascertainable loss by Panico. First, the judge found that the contract did not include a copy of CB Construction's certificate of commercial general liability insurance. See N.J.S.A. 56:8-142(d). Second, the judge found that the contract failed to provide the toll free number of the New Jersey Division of Consumer Affairs hotline. See N.J.S.A. 56:8-144(b). Third, the judge found that contract may not have provided the required notice of cancellation information. See N.J.S.A. 56:8-151(b). Judge O'Neil found that none of these technical CFA violations proximately caused Panico an ascertainable loss; rather the judge found that the "breach of contract dispute centered over the quality of [CB Construction]'s work but was generated in large part by [Panico]'s own changing of her mind as to what she wanted, how she wanted the job done, her own . . . meddling in the contractor's work or, . . . changing her mind how she wanted to order certain materials."

Turning to Panico's poor workmanship claims, Judge O'Neil first rejected Panico's claim for damages relating to the raised bathroom floor. The judge found that Panico did not testify credibly that she complained about the floor height while the renovation was taking place, and that defendant's expert did not

testify persuasively regarding the alleged defects in the floor height and based his opinion largely on personal opinion. Likewise, the judge rejected Panico's claims for damages relating to the design of the shower and other miscellaneous work, finding that the defense expert did not testify credibly or persuasively regarding these claimed defects. The judge, however, awarded Panico $500 in damages for poor workmanship in the installation of the shower seat and $1,000 for poor workmanship in the performance of tile work and uneven tile in the shower.

As to CB Construction's claims for the balance of the contract price, Judge O'Neil found that it was entitled to recover the reasonable value of the services rendered in quantum meruit. At trial, Bourke testified that the renovation was approximately 90 to 95% complete, but the defense expert testified the work was approximately 70% complete. Judge O'Neil found that the work was approximately 80% complete. Based on the contract price of $17,289[5] and CB Construction having already received $11,000 payments, the judge determined that CB Construction was entitled to $2,831 on its quantum meruit claim.

---

[5] The judge found that the parties agreed to this contract price, finding that Bourke testified credibly as to how the contract price was reached and that Panico's testimony to the contrary was not credible. The judge also found that Panico was properly credited on the contract balance for the value of supplies she purchased.

A-0833-17T2

Judge O'Neil reserved decision on whether Panico was entitled to attorneys' fees under the CFA, requesting that Panico's attorney submit a certification of services and that the parties provide further briefing on the issue.[6] After receiving the additional submissions, Judge O'Neil issued a written opinion addressing attorneys' fees.

Judge O'Neil determined that Panico was entitled to some quantum of attorneys' fees as a matter of law because her CFA counterclaims were of sufficient merit to survive summary judgment. Taking into account the context in which the CFA claims arose and the degree of success obtained, however, the judge found that defense counsel's claimed fees should be reduced by 90%. In this regard, the judge reasoned:

> The litigation could have been resolved in the Special Civil Part at minimal legal expense to the parties, but for defendant's decision to utilize the CFA as a sword in an effort to win a large judgment and attorneys' fees award. Defendant made the decision to transform this case from a simple dispute over a book account, into, relatively speaking, a "high stakes" multi-count, multi-issue dispute. That defendant failed on almost all of her factual defenses and legal theories must also weigh heavily on this court as it tries to determine a fair and proportionate counsel fee award.

---

[6] The judge ruled that Bourke would be personally liable for any attorneys' fee award under Allen v. V & A Bros., 208 N.J. 114 (2011).

Accordingly, the judge issued an order awarding Panico 10% of her attorney's claimed fees in the reduced sum of $3,429.09.

II.

On appeal, Panico raises the following arguments:

Point I – The [t]rial [c]ourt erred in failing to dismiss [p]laintiff's complaint despite finding multiple violations of the New Jersey's Consumer Protection Regulations.

Point II – The [t]rial [c]ourt erred in failing to find multiple substantive violations in the form of unconscionable commercial practices that were established at trial.

Point III – The [t]rial [c]ourt erred in failing to find that defendant sustained "ascertainable losses" as a result of the regulatory and substantive [CFA] and regulatory act violations, thereby entitling defendant to treble damages, attorneys' fees and costs.

Point IV – The [t]rial [c]ourt erred in failing to follow de Garmeaux v. DNV Concepts, Inc. in failing to consider the public policy of the [CFA] and in applying "proportionality" in its determination of Defendant's award of counsel fees.

Point V – Defendant proved by a preponderance of the evidence compensatory damages of $19,850.00 and the [t]rial court's failure to award defendant the full amount of claimed damages was against the weight of the evidence.

Point VI – The [t]rial [c]ourt failed to apply the law and award defendant treble damages, reasonable attorney

9

fees, filing fees, and costs awarded, pursuant to N.J.S.A. 56:8-19.

After reviewing the record, we conclude that Judge O'Neil's factual findings are amply supported by the record and, in light of those facts, his legal conclusions are unassailable. We therefore affirm substantially for the reasons expressed in his Judge O'Neil's well-reasoned oral and written opinions. We add only the following comments.

As to Panico's argument that plaintiff's complaint should have been dismissed as a result of the CFA violations, Judge O'Neil correctly found that C.B. Construction could recover the reasonable value of the services rendered in quantum meruit notwithstanding the technical CFA violations. See Marascio v. Campanella, 298 N.J. Super. 491, 504-05 (App. Div. 1997) (permitting a contractor to proceed in quantum meruit despite CFA violations). In this regard, the judge appropriately analyzed our dicta in Scibek that where "there is no dispute as to the work authorized to be done and the agreed upon price, it seems highly unfair to deny [a contractor] any affirmative right to recover merely because of technical, inadvertent violation of the [CFA]'s prescriptions." 339 N.J. Super. at 82. Here, defendant claimed many CFA violations, but ultimately established only minor, technical violations of the CFA that caused no

ascertainable loss. Under these circumstances, Judge O'Neil appropriately allowed C.B. Construction to recover in quantum meruit.

With respect to Panico's arguments that the trial court failed to find substantive violations of the CFA and ascertainable losses and award greater compensatory damages and treble damages, our review of a bench trial is limited. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonable credible evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quotations omitted). We give particular deference to the trial judge's credibility determinations. See In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997). Giving appropriate deference to Judge O'Neil's detailed credibility determinations and feel for the case, we find that his factual findings regarding the CFA violations and damages are adequately supported by substantial, credible evidence in the record.

A-0833-17T2

Our review of a trial court's award of attorneys' fees is also deferential. We review an award of attorneys' fees for an abuse of discretion. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). We will reverse an award "only on the rarest of occasions, and then only because of a clear abuse of discretion." Litton Indus. v. IMO Indus., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger, 167 N.J. at 444).

In this case, Judge O'Neil correctly found that Panico was entitled to some quantum of fees because at least some of her CFA counterclaims were sufficient to survive summary judgment, notwithstanding the fact that she ultimately established only technical violations that caused no ascertainable loss. See Weinberg v. Sprint Corp., 173 N.J. 233, 253-54 (2002); Romano v. Galaxy Toyota, 399 N.J. Super. 470, 484 (App. Div. 2008); Sema v. Automall 46 Inc., 384 N.J. Super. 145, 151-52 (App. Div. 2006). Judge O'Neil also properly reduced the lodestar amount by taking into account the Rule of Professional Conduct 1.5(a) factors and considering Panico's modest degree of success within the context of the litigation. See Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 22-23 (2004); Branigan v. Level on the Level, Inc., 326 N.J. Super. 24, 31 (App.

12

Div. 1999).[7]   Accordingly, we detect no abuse of discretion in Judge O'Neil's award of attorneys' fees in these distinctive circumstances and deny the appeal and cross-appeal regarding the award.

To the extent we have not specifically addressed any of parties' arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7]   We reject Panico's contention that the trial court failed to adhere to the principles enunciated in Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, (App. Div. 2016).  In the case, we noted that "[i]n Szczepanski [v. Newcomb Med. Ctr. Inc., 141 N.J. 346, 366 (1995)], our Supreme Court explicitly rejected a proportionality requirement between damages recovered and the attorney fee award, although noting the degree of success obtained remains an important factor." Id. at 161.  In this case, Judge O'Neil recognized that Panico's limited success in defending CB Construction's claims largely resulted from her breach of warranty counterclaims, not from her CFA counterclaims.  Accordingly, Judge O'Neil adequately accounted for the specific factual and procedural circumstances of this case in reducing the fee award. Id. at 162 ("[W]e recognize that a trial court's determination of an appropriate counsel fee award in CFA fee-shifting cases is premised upon fact-sensitive scenarios.  We also recognize that there is no 'precise formula' that uniformly produces a reasonable counsel fee award." (quoting Litton, 200 N.J. at 388)).

A-0833-17T2