**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2816-23

ASAP REALTY, INC.,

    Plaintiff-Appellant,

v.

YOSEF BIRNBOIM and
JUDY BIRNBOIM,

    Defendants/Third-Party
    Plaintiffs-Respondents,

v.

STEVEN A. ZUCKER,

    Third-Party Defendant.

_____

> Argued October 30, 2024 – Decided December 12, 2024
>
> Before Judges Gilson and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4365-17.
>
> Andrew R. Turner argued the cause for appellant (Turner Law Firm, LLC, attorneys; Andrew R. Turner, of counsel and on the briefs).

Bradley M. Arlen argued the cause for respondents (Borenstein, McConnell & Calpin, PC, attorneys; Abraham Borenstein and Bradley M. Arlen, on the briefs).

PER CURIAM

This matter returns to us following a remand. The issues on this second appeal concern an award of attorneys' fees to defendants Yosef and Judy Birnboim. Plaintiff, ASAP Realty, Inc., appeals from an April 12, 2024 order awarding defendants $50,500.00 in attorneys' fees and $2,401.55 in costs. Plaintiff argues that the trial court abused its discretion in granting attorneys' fees to defendants because their fee application was (1) untimely and prejudicial; (2) excessive; and (3) not in compliance with this court's directives on remand. We reject plaintiff's first and second argument due to the considerable deference we afford trial courts when reviewing an award of attorneys' fees. Our review of the record, however, establishes that the trial court's award to defendants included fees that were beyond the scope of our remand and did not account for defendants' limited success. Accordingly, we affirm in part but also exercise original jurisdiction to reduce the fees awarded.

I.

The disputes between the parties concern a home renovation project. We summarized those disputes, the procedural history, and the jury verdict in our opinion issued on the first appeal. ASAP Realty, Inc. v. Birnboim, No. A-4508-19 (App. Div. June 20, 2022). We will briefly summarize some of the facts and proceedings to place the attorneys' fees issue in context.

In 2016, the parties entered a written home improvement contract, under which plaintiff agreed to renovate defendants' home for a total estimated cost of $440,445.00. The contract work and some additional renovation work was completed. In December 2016, plaintiff sent defendants a final statement requesting just over $92,000.00, which included the remaining contract balance plus costs for additional work. Defendants disputed a part of that statement and ultimately failed to tender the final payment.

In June 2017, plaintiff sued defendant asserting claims for breach of contract, failure to make payment on a book account, and unjust enrichment. Defendants filed an answer and counterclaims alleging that plaintiff had violated the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -227. Following extensive pretrial proceedings, the matter proceeded to a jury trial. The jury found that plaintiff was owed $77,917.95 for the work done under the original contract and

the additional work. The jury also found that plaintiff had committed violations of regulations issued under the CFA, but defendants had suffered no ascertainable loss from those violations. Therefore, the jury awarded no damages to defendants.

Following the jury verdict, the trial court awarded plaintiff fees and costs of $71,461.01 under Rule 4:58-2 because defendants had rejected an offer of judgment before trial. The trial court also denied defendants' request for fees and costs under the CFA. Thus, the final judgment awarded plaintiff $149,378.96, consisting of $77,917.95 in damages, $64,840.00 in attorneys' fees, and $6,621.01 in expenses.

In the first appeal, we rejected defendants' challenge to the judgment in favor of plaintiff. Accordingly, we affirmed that judgment. In addition, we reversed the order denying fees to defendants on their CFA claims and remanded that limited issue for a determination of the reasonable amount of fees related to the CFA claims. In doing so, we specifically instructed:

> [Defendants] are entitled to attorneys' fees incurred in proving the violations of the CFA regulations; they are not entitled to fees for defending the contract claim because the jury rejected their defenses on that claim. We, therefore, remand the issue of [defendants'] request for fees and costs related only to their CFA claims.
>
> [Id. at 20.]

4                                                          A-2816-23

On remand, defendants initially filed an application seeking over $429,000.00 in attorneys' fees and costs. That application did not specifically and meaningfully identify the time and fees related to the CFA. On December 21, 2022, the trial court denied defendants' request without prejudice for their failure to comply with Rule 4:42-9(c).

Meanwhile, both defendants and plaintiff filed motions with us for fees incurred on the first appeal, which we rejected. In our August 2022 order, we noted that "[b]oth parties have expended more fees than each side had originally claimed. There is no good reason for a further award of attorneys' fees to either party."

More than a year after their first application was rejected, defendants filed a new application for attorneys' fees in January 2024. Unfortunately, by that time plaintiff's former principal had passed away. Defendants' renewed application again requested over $429,000.00 in attorneys' fees and costs. Accordingly, plaintiff objected to that request, pointing out that the application again had not been limited to fees incurred in pursuing the CFA claim. Plaintiff also objected because of the passage of time without a justifiable excuse.

A-2816-23

On April 12, 2024, the trial court issued an order awarding defendants attorneys' fees of $50,500.00 plus $2,401.55 in expenses.[1] In a short statement of reasons appended to the order, the trial court made findings of facts and conclusions of law. The court briefly listed the factors it considered under RPC 1.5(a). Thereafter, the court identified twelve dates where it found that the legal work related to the defendants' CFA claim. Plaintiff now appeals from the April 12, 2024 order awarding attorneys' fees to defendants.

## II.

We review an award of attorneys' fees for an abuse of discretion. Empower Our Neighborhoods v. Guadagno, 453 N.J. Super. 565, 579 (App. Div. 2018); Shore Orthopedic Grp., LLC v. Equitable Life Assurance Soc'y of the U.S., 397 N.J. Super. 614, 623 (App. Div. 2008). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Empower Our Neighborhoods, 453 N.J. Super. at 579 (alteration in original) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). Nevertheless, "a trial judge is 'under a peremptory duty to obey . . . the mandate of the appellate court precisely as it is written.'" State

---

[1] The legal bills identified by the trial court for work pertaining to defendants' CFA claim total $56,500.00. In its statement of reasons, the trial court did not explain the discrepancy between this sum and its award of attorneys' fees.

6

v. Kosch, 454 N.J. Super. 440, 443-44 (App. Div. 2018) (citing Flanigan v. McFeely, 20 N.J. 414, 420 (1956)).

Furthermore, "[a]n attorney's [fee] application should be sufficiently detailed to allow a trial court to determine the nature of the work performed and by whom, as well as the reasonableness of the hourly rate and the hours expended." Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 25 (2004) (citing Rendine v. Pantzer, 141 N.J. 292, 336-37 (1995)). Accordingly, courts can reduce the hours requested in a fee application where the attorney has provided insufficient detail. Ibid.

"A prevailing party can recover counsel fees if expressly allowed by statute, court rule, or contract." Empower Our Neighborhoods, 453 N.J. Super. at 579. The CFA states, in relevant part, that "[i]n all actions under this section . . . the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit." N.J.S.A. 56:8-19. When a private claimant proves an unlawful act under the CFA, but no ascertainable loss, an award of attorneys' fees depends on whether there was a bona fide claim of an ascertainable loss. See Perez v. Professionally Green, LLC, 215 N.J. 388, 403 (2013); Weinberg v. Sprint Corp., 173 N.J. 233, 252-53 (2002); see also Cox v. Sears Roebuck & Co., 138 N.J. 2, 24-25 (1994). If the issue of ascertainable loss is presented to

A-2816-23

the jury, but the jury finds no ascertainable loss, a claimant is entitled to an award of attorneys' fees. See Scibek v. Longette, 339 N.J. Super. 72, 86 (App. Div. 2001); Branigan v. Level on the Level, Inc., 326 N.J. Super. 24, 31 (App. Div. 1999); BJM Insulation & Constr., Inc. v. Evans, 287 N.J. Super. 513, 517-18 (App. Div. 1996).

Because the issue of ascertainable loss was presented to the jury, in the first appeal we ruled that defendants were entitled to some award of attorneys' fees even though the jury also determined that they had suffered no ascertainable loss. ASAP Realty, Inc., slip op. at 20. On remand, however, defendants did not comply with our directive. Both in their initial application and their renewed application, defendants sought all attorneys' fees without identifying or limiting their request to the fees incurred in pursuing their CFA claim.

Nonetheless, the trial court conducted a thoughtful analysis to try to ascertain and evaluate the fees related to the CFA claim. In general, the court did a reasonable analysis. Our review of the record, however, establishes that some of the fees awarded exceeded our remand. To avoid a further remand, and possibly an additional appeal, we will exercise original jurisdiction and modify the trial court's fee award. See R. 2:10-5 (authorizing "[t]he appellate court [to] exercise such original jurisdiction as is necessary to the complete determination

8

of any matter on review"). See also Furst, 182 N.J. at 24 (explaining that the Court "strongly discourage[s] the use of an attorney-fee application as an invitation to become mired in a second round of litigation").

As already noted, the trial court awarded defendants $50,500.00 in attorneys' fees related to their CFA claims. In doing so, the trial court identified twelve days where it found that the fees were incurred in connection with the CFA claim. Our review has identified two errors.

First, two of the days related to work on the first appeal. In that regard, the trial court awarded fees of $1,000.00 on September 24, 2019, and $800.00 on September 25, 2019. The corresponding invoice for those two days establishes that the work done on those days related to the appeal. We already ruled that defendants were not entitled to any of the fees on the first appeal. Accordingly, we reduce the fee award by $1,800.00.

Second, the trial court made awards for full days of work and did not account for the limited success defendants had on their CFA claim. An award of fees under N.J.S.A. 56:8-19 is "guided by those principles that run consistently through our caselaw when courts address the appropriate quantum of fees allowable pursuant to various fee-shifting statutes." Branigan, 326 N.J. Super. at 31. "Thus, along with other factors, courts must look at the level of

A-2816-23

success achieved in the litigation." <u>Ibid.</u> <u>See also</u> <u>Rendine</u>, 141 N.J. at 336. Pertinent to this appeal, "a trial court should reduce the lodestar fee if the level of success achieved in the litigation is limited as compared to the relief sought." <u>Rendine</u>, 141 N.J. at 336. <u>See also</u> <u>Furst</u>, 182 N.J. at 23 ("a trial court should decrease the lodestar if the prevailing party achieved limited success in relation to the relief he had sought").

The trial court awarded defendant the fees they sought for ten days of work: June 5, 2019; July 9, 2019; July 10, 2019; July 11, 2019; July 16, 2019; July 17, 2019; July 23, 2019; July 24, 2019; July 25, 2019; and July 29, 2019. The supporting certifications do not establish that all that work related to the CFA claim. Moreover, there was no appropriate reduction of those amounts given defendants' limited success. In other words, although the jury found technical violations of the CFA regulations, the jury also found that defendants had not been damaged. So, the jury did not award any damages to defendants. Consequently, we apply a thirty percent reduction to the remaining fee award as the appropriate lodestar adjustment to account for defendants' limited success on their CFA claim. <u>See</u> <u>Rendine</u>, 141 N.J. at 336. <u>See also</u> <u>Scales v. J.C. Bradford & Co.</u>, 925 F.2d 901, 910 (6th Cir. 1991) (cited by the Court in <u>Rendine</u>

as appropriately reducing a lodestar by forty-five percent to reflect plaintiff's partial success).

Finally, we note a related procedural issue. At oral argument on this second appeal, counsel disclosed that defendants had not voluntarily paid the judgment entered on behalf of plaintiff. We requested and reviewed supplemental briefing and submissions on that issue. The parties then submitted documents establishing that plaintiff has received just over $100,000.00 of the judgment in its favor. Those monies have been paid through wage garnishment and bank levies. On this record we discern no grounds for precluding or further reducing defendants' fee application based on their failure to voluntarily pay the judgment against them. Nevertheless, plaintiff can elect to offset any remaining amount of the judgment owed to it against the reduced attorneys' fees awarded to defendants.

## III.

Applying these adjustments, we reduce defendants' attorneys' fee award to $34,090.00 plus $2,401.55 in expenses. We arrived at that sum by reducing the original $50,500.00 award for attorneys' fees by $1,800.00 for appellate work and $14,610.00 for the thirty percent lodestar reduction on the remaining

11

fees awarded. The trial court is to enter an order reflecting the modified fees, as well as the expenses, awarded to defendants.

Affirmed in part as modified. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION